ON REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
Appellant’s application for rehearing is based almost exclusively upon a mistake of the writer in the first paragraph of that *888 part of the opinion dealing with appellant’s Issue I by which appellant urges that the trial court “erred in not granting the defendant’s motion for judgment of acquittal” and in not granting defendant’s “motion for new trial.” The writer confesses the mistake and that the writer is solely to be blamed for the mistake, and he now endeavors to correct it. The core of the mistake is to be found in the following portion of the opinion.
“... We add to item 2 of the circumstantial evidence summarized in appellant’s brief what Mr. Alcuri stated this appellant stated to him, as quoted herein-above in directing Mr. Alcuri’s attention more closely to Walter Samuel James, by saying ‘He’s got a .357 Magnum, he’ll blow your brains out if you don’t do exactly what he says do.’ ”
The mistake regrettably made by the writer was in incorrectly identifying the particular person talking with Mr. Alcuri as the appellant and in incorrectly identifying the particular person to whom Mr. Alcuri’s attention was directed as Walter Samuel James, which was precisely opposite from what the identification of each should have been. The sentence should have been:
“We add to item 2 of the circumstantial evidence summarized in appellant’s brief what Mr. Alcuri stated Walter Samuel James stated to him [Mr. Alcuri], as quoted hereinabove in directing Mr. Alcu-ri’s attention more closely to this appellant by saying ‘He’s got a .357 Magnum, he’ll blow your brains out if you don’t do exactly what he says do.’ ”
The same incorrect factual statement made by the writer as now shown herein-above continued into the next paragraph of the opinion on original submission, which should have been as follows:
“Although the pistol referred to in the evidence as being in the possession of this appellant was never observed by Mr. Alcuri or any other employee or agent of the store, the existence and description thereof by Walter Samuel James in talking with Mr. Alcuri constituted some evidence that appellant was ‘armed with a deadly weapon’ as set forth in § 13A-8-41 of the Criminal Code as qualified by § 13A-8-41(b) as follows:
“ ‘Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or by any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.’ ” »
This writer’s mistake as to the evidence as above-related led to a mistake in the conclusion as to Issue I on appeal, as expressed in the last clause of the first sentence of the last paragraph of the opinion as to Issue I as follows:
“In our opinion, a jury question was presented as to whether this appellant was guilty as a principal, or as an aider or abettor of his cousin, of robbery in the first degree and that the verdict finding him guilty thereof was not contrary to the great weight of the evidence.”
In the light of the corrected statement of the facts, we are now of the opinion that the first sentence of the last paragraph of the opinion on original submission as to Issue I should be as follows:
In our opinion, a jury question was presented as to whether the appellant was guilty as a principal, or as an aider or abettor of his cousin, of robbery in the first degree, but the verdict finding him guilty was contrary to the weight of the evidence.
The application for rehearing should be granted, the judgment of the trial court should be reversed and the cause remanded for another trial.
APPLICATION FOR REHEARING GRANTED; FACTS STATED IN OPINION ON ORIGINAL SUBMISSION CORRECTED AND OPINION MODIFIED; REVERSED AND REMANDED.